KM

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Patrick McClure,<br><br>    Plaintiff,<br><br>v.<br><br>Lewis Citrenbaum, et al.,<br><br>    Defendants. | No.   CV-23-08133-PCT-JAT (ASB)<br><br>**ORDER** |

Self-represented Plaintiff John Patrick McClure, who is not incarcerated, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court Without Prepaying Fees and Costs. In an October 6, 2023 Order, the Court granted the Application to Proceed and dismissed the Complaint with leave to amend. Pending before the Court are Plaintiff's First Amended Complaint (Doc. 10) and Motion for Certified Mail (Doc. 12). The Court will dismiss the First Amended Complaint and this action and deny the Motion.

**I.      Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding in forma pauperis and must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A pleading must contain a "short and plain statement of the claim *showing* that the

1   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does
2   not demand detailed factual allegations, "it demands more than an unadorned, the-
3   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
4   (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
5   conclusory statements, do not suffice." *Id.*

6   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
7   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
8   550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
9   that allows the court to draw the reasonable inference that the defendant is liable for the
10  misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for
11  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
12  experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual
13  allegations may be consistent with a constitutional claim, a court must assess whether there
14  are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

15  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
16  must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342
17  (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent
18  standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551
19  U.S. 89, 94 (2007) (per curiam)).

20  If the Court determines that a pleading could be cured by the allegation of other
21  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
22  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

23  **II.   First Amended Complaint**

24  In his four-count First Amended Complaint, Plaintiff sues Dr. Elizabeth Hill, St.
25  Joseph Hospital's Intensive Care Unit (ICU) staff, and Prescott Valley Police Detectives
26  Hohrien and Grant. Plaintiff seeks monetary damages.

27  In Counts One and Two, Plaintiff raises claims for "medical malpractice" and
28  alleges violations of his Fourteenth Amendment rights. In Count One, he claims that on

June 1, 2023, two weeks after being released from the ICU for treatment of stab wounds, he saw Defendant Hill and told her he was worried about infection from the knife used to stab him.  He saw Defendant Hill again two weeks later and she "refused antibiotics for the second time," even though the infection had spread.  During a psychiatric exam in July, the doctor told him to go to the hospital.  Plaintiff went to the emergency room and was given antibiotics.  Plaintiff claims his neck and mouth are scarred from the infection and he suffered mental anguish.

In Count Two, he alleges that on May 15, 2023, he was stabbed by an "alleged federal informant" and taken to the Prescott Valley Emergency Medical Center which then transferred him to St. Joseph's Hospital.  Plaintiff received "approximately 2 feet of staples from [his] neck across [his] chest and down the right side of [his] arm."  When he awoke from surgery, the nurse told him "to get ready to leave."  Plaintiff asked "why they were doing this and [the nurse] would not respond."  Plaintiff asked for antibiotics and claims the nurse said "no."  Plaintiff was placed in a cab and sent "back to the crime scene."  He states he was bedridden for four or five days an developed an infection.  Plaintiff claims this was medical malpractice and "mental abuse at its highest form."

In Count Three, Plaintiff claims his Fourth and Fourteenth Amendment rights were violated by police misconduct.  After the May 15, 2023 stabbing, Defendant Hohrien refused to give Plaintiff the name of the person who stabbed him or return Plaintiff's phone calls.  Plaintiff states he filed multiple "cases" with the Department of Justice "over this Prescott Valley Police misconduct and refusal to arrest [the attacker]."  Plaintiff contends Defendant Hohrien refused to interview him or "take part in a case that [Plaintiff] constru[ed] as attempted murder and a possible cover up for the federal government and suspect."

In Count Four, Plaintiff alleges his Fourth and Fourteenth Amendment rights were violated when Defendant Grant refused to give Plaintiff the name of his attacker or any other information.  Plaintiff informed Grant that the attacker "is a suspect[ed] federal FBI informant sent to cause serious injury or death to [Plaintiff] by setting [him] up with the

neighbors." Plaintiff claims Defendant Grant "refused to help and referred [Plaintiff] to Lewis Citrenbaum who protect[ed] [the attacker] and the Prescott Valley Police Department."

### III. Failure to State a Claim

#### A. Defendants Hill and St. Joseph's Hospital ICU Staff

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Defendants Hill and St. Joseph's Hospital ICU Staff are private parties, not state actors. Moreover, although private parties who are jointly engaged with state officials in the challenged action are acting under color of law, *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), Plaintiff has stated nothing in his First Amended Complaint to suggest that these Defendants were jointly engaged with state officials in the challenged action. Accordingly, the Court will dismiss Defendants Hill, St. Joseph's Hospital ICU Staff, and Counts One and Two.

#### B. Defendants Hohrien and Grant

To the extent Plaintiff alleges these Defendants refused to provide him with the name of his attacker, he has not alleged how this violated his constitutional rights. Further, in his original Complaint, Plaintiff states he received this information two weeks after the attack via a mailed letter.

To the extent Plaintiff claims Defendants Hohrien and Grant violated his due process rights by failing to investigate his claims or arrest his attacker, he fails to state a

claim. The Due Process Clause generally does not create an obligation on the state to protect individuals from injury to life, liberty, or property caused by the acts of private parties. *DeShaney v. Winnebago County*, 489 U.S. 189, 195-97 (1989). "The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty or property." *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing *DeShaney*, 489 U.S. at 195-96). Accordingly, the Court will dismiss Defendants Hohrien and Counts Three and Four.

**IV.    Motion**

In his Motion for Certified mail, Plaintiff asks that the Court mail copies of its orders to him via certified mail. The Court does not send orders by certified mail and will deny the Motion.

**V.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim against any named Defendant in the First Amended Complaint, the Court will dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Clerk of Court must enter judgment accordingly.

(2)   Plaintiff's Motion for Certified Mail (Doc. 12) is **denied**.

(3)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 2nd day of February, 2024.

_James A. Teilborg_
Senior United States District Judge